UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH GARCIA,<br><br>　　　　　Defendant. | CASE NO. CR10-378 MJP<br><br>ORDER DENYING RECONSIDERATION |

This comes before the Court on the Government's motion for reconsideration. (Dkt. No. 130.) Having reviewed the motion, the Court DENIES the Government's motion for reconsideration.

**Discussion**

In an oral ruling on August 2011, the Court granted Defendant Joseph Garcia's ("Garcia") motion to suppress evidence. (Dkt. No. 125.) Specifically, the Court determined Garcia's Fourth Amendment rights were violated when Department of Corrections ("DOC") officers, accompanied by Whatcom County Sheriff officers, searched Garcia's workplace without a warrant. The Government now seeks reconsideration, arguing the search of Garcia's

workplace was permitted under the "totality of the circumstances" exception to warrant and probable-cause requirements. (Dkt. No. 130 at 4.) The Court disagrees.

First, the Government argues a search may satisfy the Fourth Amendment even if no probation condition authorizes the search and the search violates state law. Specifically, the Government argues a search satisfies the Fourth Amendment if under the totality of the circumstances the search was reasonable. The Court finds the November 2011 search did not meet this standard. As the Court found in its oral ruling, Garcia was working at the Guide Meridian garage when multiple officers from the DOC and Whatcom County Sheriff's Department arrived to arrest him. After Garcia was arrested, however, the officers conducted a warrantless search of Garcia's workplace that exceeded the scope of his probation condition. Specifically, the officers searched the garage without obtaining a warrant and without knowing which items belonged to Garcia or what Garcia had access to. Only after the officers entered an adjacent mobile home did they finally retreat to secure a telephonic warrant. The Court finds under a totality of the circumstances, the warrantless search was not reasonable.

The Government relies on several cases to argue reasonableness, all of which are inapposite. In United States v. Graham, 553 F.3d 6 (1st Cir. 2009), the First Circuit held no Fourth Amendment violation occurred even though the search violated the state constitution. But in Graham, the police reasonably believed that the defendant resided at the apartment they searched. Id. In this case, there was no similar mistake; the officers knew the Guide Meridian location was not Garcia's residence. Similarly, the Government's reliance on United States v. Keith fails. In Keith, the Fifth Circuit found a written probation condition was not required for a warrantless search of the probationer's home. But the Fifth Circuit's reasoning turned on several Wisconsin cases that explicitly allowed for searches of probationers' homes based on reasonable

suspicion alone. In the instant case, the Government does not refer to any Washington case law suggesting searches of a probationer's workplace are permissible. While Garcia was on probation and subject to certain agreed upon probation conditions, the probation conditions Garcia agreed to did not include warrantless searches of his workplace. Given that officers could have readily secured the area and requested a warrant before conducting their search, the Court finds under a totality of the circumstances, the warrantless search was not reasonable.

Second, the Government argues searches of an offender's workplace have been upheld under the Fourth Amendment even absent a probation condition. The Court finds the argument unavailing. The Government's argument relies on United States v. Hill, 967 F.2d 902, 908 (3d Cir. 1992). In Hill, parole agents were tipped off by the defendant's girlfriend that the defendant's barbeque chicken store contained drugs and firearms. After searching the store, which was located below the defendant's apartment, the parole agents searched the store and discovered several firearms. The Third Circuit found the warrantless search to be reasonable. However, in finding the search was reasonable, the Hill court observed no police were present at the search and there was no evidence that the parole agents acted on behalf of the police. Here, in contrast, Whatcom County police officers were present before and during the search and Garcia's workplace was completely separate from his residence. Under a totality of the circumstances, the warrantless search of Garcia's workplace was not reasonable.

To the extent the Government argues the Washington legislature intended the probation condition to include warrantless searches of a probationer's workplace, the Court finds the Government's argument misplaced. (See Dkt. No. 130, 3 n.2.) The Washington statute authorizes the warrantless search of a probationer's "person, residence, automobile, or other personal property." Wash. Rev. Code. § 9.94A.631(1). By its express terms, the Washington

statute does not consider a probationer's workplace and to interpret "residence" to include a probationer's workplace would subvert the basic definition of "residence," i.e., a dwelling or building used as a home. While the Fourth Amendment has been interpreted as applying to commercial buildings as well as private homes, see Marshall v. Barlow's, Inc., 436 U.S. 307, 311 (1978), the Government points to no case law interpreting the Washington statute similarly. The Court finds the incongruency understandable given that the Fourth Amendment protects an individual's right to privacy while the Washington statute, for some, decreases it.

## Conclusion

The Court DENIES the Government's motion for reconsideration because the totality of the circumstances exception to the Fourth Amendment's warrant and probable-cause requirements does not apply.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of September, 2011.

Marsha J. Pechman
United States District Judge